**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL D. STUBBS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1478** |
| **SMK BUSINESS CENTER, LLC, et al.** | **SECTION: N** |

**ORDER**

Before the Court are SMK Business Center, LLC's Motion to Dismiss[1] and Maximus, Inc.'s Motion to Dismiss.[2] Plaintiff Michael D. Stubbs, *pro se*, filed a response in opposition.[3] Both SMK and Maximus filed replies.[4] Additionally before the court are the Unopposed Motion to Stay Scheduling Conference Pending Ruling on Defendants' Motions to Dismiss[5] and the Ex Parte Motion for Expedited Consideration of the Motion to Stay.[6]

On July 8, 2026, Stubbs filed this action, alleging claims against Defendants under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981 for employment discrimination, retaliation, hostile work environment, and leave-interference.[7] On August 18, 2026, Defendant SMK filed a motion to dismiss pursuant to Rule 12(b)(6).[8] Stubbs filed a response in opposition or alternative motion for leave to file first amended complaint.[9] The Court

---

[1] Rec. Doc. 23.
[2] Rec. Doc. 24.
[3] Rec. Doc. 26.
[4] Rec. Docs. 27 & 28.
[5] Rec. Doc. 34.
[6] Rec. Doc. 35.
[7] Rec. Doc. 1.
[8] Rec. Doc. 14.
[9] Rec. Doc. 19.

granted Stubbs leave to file his first amended complaint and denied as moot the first motion to dismiss.[10]

On September 23, 2026, SMK filed a motion to dismiss as to the first amended complaint, and Maximus filed a motion to dismiss and joinder in SMK's motion to dismiss.[11] SMK argues that Stubbs's amended complaint possesses barebones allegations. Specifically, SMK argues that Stubbs failed to connect an adverse employment action that was taken against Stubbs because of his protected employment status and failed to allege he suffered a disability within the meaning of the ADA.[12] As for the claim under the ADEA, SMK avers that Stubbs did not allege he was replaced by a younger employee.[13] SMK argues the FMLA retaliation claim should be dismissed because he did not allege SMK denied any request nor that there was a causal link between his FMLA leave and termination.[14] Lastly, SMK states the § 1981 race discrimination claim should be dismissed because of deficient allegations.[15] SMK believes that any further amended complaint would be futile because Stubbs has already been granted the opportunity to amend and still failed to address "fundamental pleading defects."[16]

Maximus joins SMK's motion to dismiss Stubbs's claims with prejudice.[17] Maximus additionally argues that Stubbs's employment law claims fail because

---

[10] Rec. Doc. 21.
[11] Rec. Docs. 23 & 24.
[12] Rec. Doc. 23 at 10-14.
[13] *Id.* at 17.
[14] *Id.* at 19-20.
[15] *Id.* at 22.
[16] *Id.* at 23.
[17] Rec. Doc. 24.

Maximus was not Stubb's employer.[18] Similarly, Maximus argues Stubbs's claims fail under § 1981 because he did not adequately allege an impaired contractual relation with Maximus.[19]

In response, Stubbs argues that he does adequately plead discrimination, retaliation, pretext, and joint-employer status.[20] However, Stubbs requests in the alternative leave to file a second amended complaint because he has "identified specific clarifications that could be made."[21] He lists examples of such specific clarifications: "the corrected job titles and characteristics of Nixon and Jones," including their race and skin tone, to show more favorable treatment of employees outside his protected group; additional details showing that the complaint involves more than a "single incident"; "the content, recipients, and timing of Nixon's complaint; additional particulars concerning the October 2025 incidents and management escalation; and more specific facts concerning Maximus's operational control and the employment relationship."[22]

Decisions regarding motions to amend are in the discretion of the district court.[23] Federal Rule of Civil Procedure 15(a) provides that the Court should grant leave to amend freely when justice so requires.[24] Rule 15(a) "evinces a bias in favor of granting leave to amend."[25] Although leave to amend is not "automatic," the Court

[18] *Id.* at 3.
[19] *Id.* at 5.
[20] Rec. Doc. 26.
[21] *Id.* at 5-6, 9-10, and 20.
[22] *Id.*
[23] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation modified).
[24] Fed. R. Civ. P. 15(a).
[25] *Jones*, 427 F.3d 987 at 994.

must possess a "substantial reason" to deny leave to amend.[26] The "substantial reason" standard is a high bar that is only met when, for instance, a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend, the plaintiff has made "repeated failures to cure deficiencies by amendments previously allowed," "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment," or the amendment would be completely futile.[27]

The Court finds that Stubbs presents "potentially curative facts"[28] and thus there is not a substantial reason to deny his request to amend. Moreover, Stubbs's *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[29] The Court should be "appropriately lenient" with *pro se* parties.[30] Because Stubbs identifies areas of his first amended complaint that he can potentially adequately address, the Court finds that Defendants will not suffer undue prejudice at this stage of the pleadings. The Court also cannot conclude that a second amendment would be futile, as it is possible Stubbs's amended allegations will cure defects and adequately state claims upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff Stubbs is **GRANTED** leave to file a second amended complaint no later than **November 23, 2026.** Stubbs shall state all facts necessary to support his claims in his second amended complaint and address all

---

[26] *Id.*
[27] *Id.*
[28] Rec. Doc. 26 at 20.
[29] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified).
[30] *Hulsey v. State*, 929 F.2d 168, 171 (5th Cir. 1991) (citation modified).

meritorious deficiencies identified by Defendants in their motions to dismiss. If Stubbs files an amended complaint, Defendants' motions to dismiss will be denied without prejudice.[31]

**IT IS FURTHER ORDERED** that the November 12, 2026, scheduling conference is **CANCELLED.**[32] The Court's case manager will reset a scheduling conference after the filing of the second amended complaint and responsive pleading(s) thereto.

**IT IS FURTHER ORDERED** that the Unopposed Motion to Stay Scheduling Conference[33] and the Motion to Expedite[34] are **DENIED** as **MOOT**.

New Orleans, Louisiana, this 9th day of November, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

---

[31] Rec. Docs. 23 & 24.
[32] Rec. Doc. 33.
[33] Rec. Doc. 34.
[34] Rec. Doc. 35.